## Mulligan *vs.* Perry, administrator.

1. The question of the sale of certain property being submitted to arbitration, a part of it being in the possession of the vendee, an award that the vendor " retain all the property, both real and personal, sold by him," includes a re-delivery of that already delivered to the vendee. In a suit under the award for the amount awarded to the vendee, property retained by him is a proper deduction, the burden of proof being on defendant.
2. The award itself is the best evidence of its meaning. The testimony of one of the arbitrators as to what was intended, and his construction thereof, was not admissible.

3. An award which provides that the vendor retain the property sold and pay to the vendee $1,800.00, does not make re-delivery of property in the hands of the vendee a condition precedent to recovering the amount awarded to him. The value of property retained by the vendee would be a proper deduction from such amount in a suit therefor.

Arbitrament and award.    Evidence.    Set-off.    Before Judge CRISP.    Early Superior Court.    October Adjourned Term, 1879.

Reported in the decision.

ARTHUR HOOD, JR.; BACON & RUTHERFORD, for plaintiff in error.

E. C. BOWER, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendant's intestate to recover the sum of $1,800.00, which he claimed to be due him on an award.    On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendant. A motion was made for a new trial on various grounds, which was overruled, and the plaintiff excepted.    It appears from the evidence in the record that Mulligan and B. W. Keaton, by his agent, B. O. Keaton, submitted certain matters in dispute between them to the award of arbitrators, a copy of which submission and award is as follows :

" STATE OF GEORGIA—County of Early.

" Whereas, there is a certain matter of controversy between John B. Mulligan of the one part, and Benjamin W. Keaton of the other part, which is proposed to be submitted to arbitration in said county.

"Now, the said John B. Mulligan and Benj. W. Keaton, by his attorney in fact, Benj. O. Keaton, do hereby agree, promise and bind themselves, heirs and assigns, to abide and perform the award of the following named arbitrators and umpire, in the penal sum of twenty thousand dollars, to be collected out of either of said parties who may

refuse to abide by and perform their respective liabilities made in award of said arbitrators and umpire, should there be one.

"The arbitrators selected and agreed upon by the parties are G. W. Holmes and A. R. Ransome, of said county, who are authorized, should they fail to agree, to call in an umpire. The points submitted are, 1st, the said John B. Mulligan claims to have bought in good faith two thousand acres of land, more or less, with the stock of every description, and provisions of every description on said plantation in Early county, excepting a portion of household furniture, a carriage and two mules, for the sum of $12,000 in specie, which the said Keaton denies, but claims such sale was made by a representative to said Mulligan, that his father advised such a sale.  Subsequent to the sale, as claimed to have been made, both of the said parties agreed, after a misunderstanding between them, to submit all the matters in controversy between them *to arbitration*

"Now, the said parties do agree and bind themselves as aforesaid, to submit all the matters in controversy between them both the said purchase and sale, and services of said Mulligan as said Keaton's agent prior to such trade.

"In witness whereof, both of the said parties have hereunto set their hands and seals this 19th day of February, 1866

"Signed, sealed and delivered in presence of G. W. Holmes and A. R. Ransome.

JOHN B. MULLIGAN,
BENJ. O. KEATON."

RETURN OF REFEREES.

"JOHN B. MULLIGAN )
    *vs.*      }
"BENJ. W.  KEATON )

"In the matter of controversy referred to us by the said parties, we have, after hearing evidence and a due consideration of the same, concluded and agreed that it is fair and equitable for B. W. Keaton to retain all the property, both real and personal, sold by him to John B. Mulligan, and that the said Keaton pay to said Mulligan the sum of eighteen hundred dollars in currency.

"This we have mutually agreed upon as our award between the said parties.

"Witness our hands and seals this February 20th, 1866.

"Signed within the presence of

A. R. RANSOME,
G. W. HOLMES."

The defendant pleaded that he had offered to pay the plaintiff the $1,800.00, provided the plaintiff would comply with the award on his part, and return the property, or

account therefor, which the plaintiff refused to do, and attached to his plea a bill of particulars, specifying the property and the value thereof.

1. The fair and legal interpretation of the award, in view of the submission, is that the plaintiff should surrender the possession of the property purchased by him, so as enable the defendant to retain all of the property which the plaintiff claimed had been sold to him, and that the defendant should pay to the plaintiff $1,800.00. If the plaintiff has not surrendered the possession of the property to the defendant, as specified in his plea, nor properly accounted for it (the same being a part of the property sold) then, upon proof thereof by the defendant, and the value of the property not so surrendered nor accounted for, it may be deducted from the plaintiff's claim of $1,800.00; but the burden of proof is on the defendant to prove the allegations in his plea. Until the contrary appears, the presumption is that every man performs all his legal and social duties, and, therefore, the plaintiff will be presumed to have performed his legal duty under the award until the contrary is shown.

2. One of the errors complained of in the motion was the admission of the testimony of Holmes, one of the arbitrators, over plaintiff's objection, explaining what was the meaning of the award. The award itself was the highest and best evidence of its meaning, and the construction thereof was a question for the court, and it was error to admit the evidence of Holmes, one of the arbitrators, as to *his* construction of it.

3. The court charged the jury to the effect that *before* the plaintiff could recover the $1,800.00, the amount of the award, it must appear that he had complied with the condition of the award, and that if any of the property of B. W. Keaton went into plaintiff's possession, it must appear, *before the plaintiff can recover*, that he had delivered all of said property to the defendant, or accounted for the value thereof. This charge of the court was error in view of the

terms of the award. The award gave to the plaintiff $1,800.00 unconditionally; that became his legal right under it. The defendant's legal right under the award was to have and retain the property which had been sold to the plaintiff, or the value thereof. If the plaintiff has not accorded to the defendant his legal right under the award, by turning over the property to him, or accounting for its value as alleged in the defendant's plea, then the defendant would be entitled to have the proven value of such property deducted from the plaintiff's demand of $1,800.00, in a suit between themselves, the burden of proof being on the defendant to sustain the allegations in his plea, and that was the legal effect of the ruling of this court in this same case in 58 *Ga.*, 483, where we said "that if Mulligan had not made a clean delivery of the property, or payment of money, that the jury ought to deduct the deficiency from his $1,800.00, and in case the deficiency amounted to $1,800.00, then they ought to find for defendant." In our judgment the court erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.